IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERIC MESSIER, and the LIBERTY FELLOWSHIP,<br>Petitioners,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | Case No. 1:06-mc-00031-ML-LDA |

RESPONDENT'S MOTION TO DISMISS

Respondent United States of America provide notice of their motion to dismiss this petition to quash an IRS summons. The motion has been set for hearing on May 4, 2006, at 11:30 a.m.

Respondent seeks to dismiss the petition under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Because petitioner filed his petition beyond the twenty days permitted under the Internal Revenue Code, sovereign immunity bars the relief he seeks. In support of this Motion, the

//

respondent relies on their Memorandum of Law and Declaration of Kenneth Cournoyer with two exhibits. A proposed order of dismissal is also enclosed.

Dated this 1st day of May 2006.

ROBERT CLARK CORRENTE
United States Attorney

THOMAS M. NEWMAN
Trial Attorney, Tax Division
Conn. Bar. No. 422187
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9926

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERIC MESSIER, and the LIBERTY FELLOWSHIP, Petitioners, v. UNITED STATES OF AMERICA, Respondent. | Case No. 1:06-mc-00031-ML-LDA |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS

Respondent, the United States of America, submits this memorandum in support of its motion under Federal Rule of Civil Procedure 12(b)(1) and (6) to dismiss the above-titled action, because petitioner filed his petition to quash an IRS summons beyond the twenty days provided to him to do so. Because sovereign immunity has not been waived beyond this period, there is no jurisdiction to hear his claims.

FACTS

The IRS is currently conducting an investigation to determine whether the Liberty Fellowship is liable for additional federal income tax arising from unreported income or is liable for penalties under Internal Revenue Code (26 U.S.C., "I.R.C.") §§ 6700 or 6701 and, thus, subject to injunction under I.R.C. §§ 7402 or 7408.[1] In furtherance of this investigation and in accordance with I.R.C. § 7602, IRS Revenue Agent Kenneth R. Cournoyer issued a summons to the custodian of records

[1] Decl. of Kenneth R. Cournoyer ¶ 3 (filed concurrently with the motion).

for Citizens Bank on March 21, 2006.[2] This summons directed the custodian of records to appear before Revenue Agent Cournoyer on April 17, 2006.[3] Citizens Bank was served with the summons by certified mail on March 21, 2006.[4] On March 21, 2006, Revenue Agent Cournoyer, in accordance with I.R.C. § 7603, sent a copy of the summons to Eric Messier of the Liberty Fellowship by certified mail to his last known address.[5]

Citizens Bank's custodian of records did not appear before Revenue Agent Cournoyer on April 17, 2006.[6] On April 14, 2006, Messier filed this petition to quash the summons.[7] Revenue Agent Cournoyer received a copy of the petition which was hand-delivered to his office on April 14, 2006.

## ARGUMENT

Petitioner seeks to quash an IRS summons issued to a third-party as part of an IRS investigation concerning activities of the Liberty Fellowship. Sovereign immunity, however, bars the relief he seeks. His petition should be dismissed for lack of jurisdiction because he failed to file his petition within the twenty-day time period as required by the Internal Revenue Code.

A proceeding to quash an IRS summons is a civil suit against the United States. As a sovereign, the United States is immune from suit without its consent.[8] Any waiver of the United States' sovereign immunity must be explicit.[9] A suit brought where the plaintiff cannot show that

---

[2] Petition to Quash filed by Eric Messier ¶ 4 (docket entry 1), Cournoyer Decl. ¶ 4.

[3] Cournoyer Decl. ¶ 4.

[4] *Id.* ¶ 5.

[5] *Id.* ¶ 6.

[6] *Id.* ¶ 8.

[7] Petition to Quash (docket entry 1).

[8] *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *United States v. Dalm*, 494 U.S. 596, 608 (1990); *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980).

[9] *See U.S. v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992); *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992).

a waiver has been granted must be dismissed for lack of jurisdiction.[10] Because the terms of Congress's consent define the court's jurisdiction, a statute waiving sovereign immunity that establishes requirements and conditions must be strictly observed before the suit can be brought.[11] Thus, a suit must be dismissed if the plaintiff fails to meet any of the requirements of the waiver.

In considering a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) that disputes the truth of the allegations that invoke federal jurisdiction ("a factual attack on jurisdiction"), a district court may consider matters submitted outside the pleadings that challenge jurisdiction without converting the motion into a motion for summary judgment.[12] The court is free to weigh this evidence and satisfy itself as to the existence of its power to hear the case without drawing inferences from the petition that favor the petitioner.[13]

The petition before the Court concerns an IRS summons. The IRS has broad authority to issue summonses under I.R.C. § 7602(a) to further its investigations of violations of the internal revenue laws.[14] This authority extends to summonses to third parties that request testimony, documents, and other information regarding a person under investigation, as long as the IRS gives notice of the summons to that entity.[15] The IRS may satisfy its notification requirements by sending a copy of the summons by registered or certified mail.[16]

The person or entity under investigation may then either bring a proceeding to quash the summons or intervene in an action brought by the IRS against the summoned party to enforce the

---

[10] *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 691 (1949).

[11] *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981).

[12] *Gonzalez v. Unites States*, 284 F.3d 281, 287 (1st Cir. 2002).

[13] *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir.1994).

[14] *United States v. Alee*, 888 F.2d 208, 213 (1st Cir. 1989).

[15] I.R.C. § 7602(a)(2).

[16] *Id.*

summons.[17] Section 7609(b)(2) provides federal courts jurisdiction to hear a proceeding to quash a summons. It requires, however, that the proceeding be brought within twenty days from the day notice is mailed or otherwise given to the petitioner.[18] Failure to do so within this time period deprives the court of jurisdiction to hear the action.[19]

The petitioner must also send notice of the action by registered or certified mail to the parties summoned and to the IRS within this same twenty-day time period.[20] This requirement is also jurisdictional.[21]

Here, Revenue Agent Cournoyer sent petitioner a copy of the summons by certified mail on March 21, 2006. This provided petitioner twenty days from March 21 to begin a proceeding to quash the summons. Petitioner, thus, had until April 10 to initiate this proceeding. Petitioner filed this petition on April 14, 2006, however. Because the Liberty Fellowship acted beyond the period of time provided to him from the delivery of the summons, the Court lacks jurisdiction to hear his claims.[22]

---

[17] *Id.* § 7609(b).

[18] *Id.* § 7609(b)(2).

[19] *Berman v. United States*, 264 F.3d 16, 18 (1st Cir. 2001) ("the 20 days run from the date that notice is "mailed." Even brief research would reveal that the case law requires a motion to quash under section 7609 to be filed within 20 days of the mailing of the notice, *not of its receipt*."(emphasis added). Assuming, *arguendo,* petitioner was allowed three days for mailing his petitioner is nevertheless untimely. In addition, petitioner asserts that he received the notice of IRS summons on March 30, 2006, "within 20 days of receipt of the notice," in an apparent effort to argue that the Court has jurisdiction. However, this assertion is inconsistent with his signing the certified receipt on March 22, 2006. Cournoyer Decl. ¶ 6, Ex B.

[20] I.R.C. § 7609(b)(2)(B).

[21] 26 C.F.R. § 301.7609-3(b)(2) ("Failure to give timely notice to either the summoned party or the Service in the manner described in the paragraph means that the notified person has failed to institute a proceeding to quash and the district court has no jurisdiction to hear the proceeding."). *See also Strong*, 57 F. Supp. 2d at 916 ("Failure to properly serve either the third party or the government within the 20 day period is also a jurisdictional defect.").

[22] Further, petitioner failed to meet the requirement that he send the summoned parties and the IRS notice of the proceeding by *registered or certified mail* within the same time period. The materials received by Messier were hand-delivered on April 14, 2006, four days beyond the deadline. For this independent reason, the Court also lacks jurisdiction.

Thus, petitioner has not availed himself of the limited waiver of sovereign immunity.[23]

CONCLUSION

Because petitioner failed to meet the time requirements under I.R.C. § 7609, he cannot invoke the waiver of sovereign immunity granted to timely-filed petitions to quash an IRS summons. Thus, because the requirements of I.R.C. § 7609 are jurisdictional, the Court should dismiss petitioner's request due to a lack of subject-matter jurisdiction.

ROBERT CLARK CORRENTE
United States Attorney

THOMAS M. NEWMAN
Trial Attorney, Tax Division
Conn. Bar. No. 422187
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9926

[23] Moreover, Messier lacks standing to bring this action. Although Revenue Agent Cournoyer is investigating both Messier and the Liberty Fellowship, this summons was directed to the Liberty Fellowship. Messier, thus, has no individual interest in this proceeding. And, even if Messier could establish that he was an owner or director of the Liberty Fellowship, he is not an attorney and cannot represent that entity in this proceeding. *See* L.R. 205(a).

CERTIFICATE OF SERVICE

This is to certify that on the 1st day of May 2006, a copy of this RESPONDENT'S MOTION TO DISMISS, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, DECLARATION OF KENNETH R. COURNOYER with exhibits, and proposed ORDER OF DISMISSAL was sent to petitioner by First Class United States Mail, postage prepaid, and addressed to:

Eric Messier & the Liberty Fellowship
P.O. Box 1364
Providence, RI 02886

THOMAS M. NEWMAN
Trial Attorney, Tax Division
U.S. Department of Justice